UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.B. et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LEMONADE INSURANCE COMPANY,<br><br>Defendant. | No. 2:25-cv-02471-DC-DMC<br><br>ORDER GRANTING PETITION TO APPOINT GUARDIAN AD LITEM<br><br>(Doc. No. 11) |

Plaintiffs A.B. and Andrew Bradley have filed a petition to appoint Stacia Bradley as guardian ad litem for Plaintiff A.B., who is her minor child. (Doc. No. 11) Defendant has not filed an opposition to the petition.

Under Federal Rule of Civil Procedure 17(c), "[a] minor . . . who does not have a duly appointed representative may sue by . . . a guardian ad litem." Where a minor does not have a representative appointed to sue on their behalf, "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect [the] minor . . . ." Fed. R. Civ. P. 17(c).

The appointment of the guardian *ad litem* is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *Id*. The guardian need not possess special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to

1

litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990)).

The Local Rules for this district state that:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor . . . the attorney representing the minor or incompetent person shall present . . . a motion for the appointment of a guardian ad litem by the Court, or . . . a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

L.R. 202(a) (citing Fed. R. Civ. P. 17(c)).

Where there is no conflict of interest between the minor child and their parent, a parent is generally appointed as guardian ad litem. *See Anthem Life Ins. Co. v. Olguin*, No. 06-cv-01165-AWI, 2007 WL 1390672, at *3 (E.D. Cal. May 9, 2007) (noting "[a] parent is generally appointed guardian ad litem").

Based on the complaint and the petition, there does not appear to be any conflict of interest between Plaintiff A.B. and Stacia Bradley, such that Stacia Bradley would be unsuitable to serve as a guardian ad litem for A.B. Notably, Stacia Bradley is not a party to this action. Further, none of the five claims brought in this action against Defendant for its denial of liability coverage involve any interests for Stacia Bradley that are not aligned with Plaintiff A.B.'s interests. (*See* Doc. No. 1.) For these reasons, Stacia Bradley's interests do not appear to be in conflict with the interests of Plaintiff A.B. Thus, the court will grant Plaintiffs' petition to appoint Stacia Bradely as the guardian ad litem or Plaintiff A.B. (Doc. No. 11)

Accordingly:

1. Plaintiffs' petition to appoint guardian ad litem (Doc. No. 11) is GRANTED; and
2. Stacia Bradley is appointed to act as guardian ad litem for Plaintiff A.B. and is authorized to prosecute the action on her behalf.

IT IS SO ORDERED.

Dated: **November 25, 2025**

Dena Coggins
United States District Judge